## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ROBERT WILLIAMS, #167195**                                    **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 1:15-cv-267-HSO-JCG**

**JODY BRADLEY,** *Warden*                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Petitioner Robert Williams for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Respondent Jody

Bradley, Warden of the Wilkinson County Correctional Facility in Woodville,

Mississippi, has filed a Motion to Dismiss Williams' Petition pursuant to 28 U.S.C.

§ 2244(d). Respondent asserts that the Petition was filed over four months late and

is barred by the statute of limitations. (ECF No. 12). The undersigned United States

Magistrate Judge recommends that Respondent's Motion to Dismiss (ECF No. 12)

be granted because Williams' habeas claims are barred by the statute of limitations.

Williams' habeas claims are also procedurally barred because Williams failed to

exhaust available remedies in State court before filing suit in federal court.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Williams is a postconviction inmate in the custody of the

Mississippi Department of Corrections. Williams pleaded guilty and was convicted

on April 18, 2011, in the Circuit Court of Harrison County, Mississippi. Williams

pleaded guilty to one count of receiving stolen property in Cause No. B2401-2010-

394, one count of possession of a controlled substance with intent to distribute in

Cause No. 2401-2010-123, and one count of malicious mischief in Cause No. B2402-2010-612. (ECF No. 12-1). Williams was sentenced to a term of ten (10) years in Cause No. B2401-2010-394, ten (10) years in Cause No. B2401-2011-123, and five (5) years in Cause No. B2402-2010-612, all to run consecutive for a total of twenty-five years. *Id.*  Williams was ordered to attend and complete the Regimented Inmate Discipline Program and the Long Term Drug and Alcohol Program and to be brought back before the Circuit Court for possible resentencing upon completion of those programs.

Williams completed the programs and was resentenced on February 13, 2012, to his original sentence of twenty-five years, suspended, with three years of reporting probation. However, on March 26, 2013, the Circuit Court revoked Williams' probation for probation violations, ordering:

> The Defendant shall participate in the Therapeutic Drug and Alcohol Rehabilitation Program and shall not be released until he successfully completes this program. Upon completion, the Defendant shall be brought back before this court for possible reconsideration of sentence.

(ECF No. 1-1).[1]

Nearly a year later, Williams received a Rule Violation while incarcerated. During a shakedown, he "was found to have a Samsung Cellphone in his pocket

---

[1] During a home visit by his probation officer, Williams was found in possession of a marijuana plant, marijuana, and paraphernalia, and in the company of a convicted felon who was also on probation. Williams tested positive for marijuana on three (3) separate occasions, failed to pay his supervision fines, failed to attend "the FREE program;" and failed to pay his court costs, fines, fees, and assessments, never having made a single payment. (ECF No. 1-1, at 1-2, 4).

along with 2 pks, of what appeared to be spice, and two packs of cigarettes." (ECF No. 1-1).[2] On March 24, 2014, the Circuit Court found that Williams had not successfully completed the Therapeutic Drug and Alcohol Rehabilitation program because he had been kicked out of the program. The Circuit Court resentenced Williams to his original sentence of twenty-five years, with credit for time served. Williams' motion to reconsider his sentence was denied. (ECF No. 12-9, 12-10).

On July 6, 2015, over a year after he was resentenced, Williams filed a Motion for Postconviction Collateral Relief in the Circuit Court. (ECF No. 12-11). The Motion was denied on July 29, 2015. The Circuit Court found that the Motion was, in essence, another request for reconsideration of Williams' sentence because Williams did not allege "that his probation was wrongfully revoked or that he was given an illegal sentence. He just wants a lesser sentence." *Id.* at 3. Williams complained that he started the drug and alcohol program at one facility but was transferred to another facility and forced to start the program from the beginning. (ECF No. 12-11, at 2-3). During the resentencing hearing, Williams did not have paperwork to prove that this had occurred, but he received the paperwork after the hearing. In his Motion for Postconviction Collateral Relief, Williams argued that the paperwork was new evidence warranting postconviction collateral relief. The Circuit Court found Williams' argument irrelevant to the issue:

---

[2]Williams admits that he was in possession of a cell phone but now claims that the remaining items were his bunkmate's. (ECF No. 1, at 14). Williams did not timely appeal the issuance of the Rule Violation. *Id.*

> [Williams] states that he has now received proof that he
> started the Alcohol and Drug class at another facility. First,
> this is not new evidence. Williams knew that he had started
> the class at another facility before being transferred. . . .
> [T]he fact that he began the program at one facility and
> then was transferred to another facility makes no difference.
> . . . The point was that Williams did not complete the
> Alcohol and Drug program because he violated the rules of
> the program.

(ECF No. 1-1, at 4).

Shortly after the Circuit Court denied his Motion for Postconviction
Collateral Relief on July 29, 2015, Williams filed the instant Petition for Writ of
Habeas Corpus on August 20, 2015, reurging the "new evidence" argument that was
rejected by the Circuit Court and asserting for the first time that his conditional
release and probation were unlawfully revoked. Williams asks the Court to
reinstate his probation or grant him a lesser sentence. (ECF No. 1, at 15).

## II. DISCUSSION

A.   The AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.
No. 104-132, 110 Stat. 1214, applies in this case and provides in part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a
> State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion
> > of direct review or the expiration of the time for seeking such
> > review;
>
> > (B) the date on which the impediment to filing an application
> > created by State action in violation of the Constitution or laws of
> > the United States is removed, if the applicant was prevented from

-4-

filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under subsection (d)(1)(A), the "one-year period begins to run from the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Mark v. Thaler*, 646 F.3d 191 (5th Cir. 2011)(internal citations and quotations omitted).

1.   Petitioner's Claims are Barred by the Statute of Limitations

"An order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State,* 382 So.2d 289, 290 (Miss.1980) (quoting *Pipkin v. State,* 292 So.2d 181, 182 (Miss.1974)). Williams' new sentence pursuant to the March 2014 revocation became final on the day that Williams was resentenced – March 24, 2014. Applying the AEDPA's one-year period of limitation, Williams' habeas petition was due to this Court on or before March 24, 2015. Williams did not sign his Petition until August 13, 2015. Under the prisoner mailbox rule, Williams' Petition is deemed filed on the date that Williams delivered the Petition to prison

officials for mailing to the district court. *Richards v. Thaler,* 710 F.3d 573, 576 (5th Cir. 2013). Williams' Petition was "filed" sometime between the date it was signed on August 13, 2015, and the date it was received by the Court on August 20, 2015.[3] Accordingly, Williams' Petition was filed some 142 to 149 days beyond the March 24, 2015, deadline.

        2.    <u>The Statute of Limitations Should Not Be Tolled</u>

Williams concedes that his Petition is late:

> Although the Petition for habeas corpus was untimely filed, the state postconviction motion was filed in time. It was filed within the three-year statute of limitations of a postconviction motion.

(ECF No. 15, at 1).

Neither statutory nor equitable tolling of the statute of limitations is warranted. None of the statutory tolling provisions listed in 28 U.S.C. §2244(d)(1)(B-D) apply. Williams' filing of a postconviction motion for collateral relief in the Circuit Court did not toll the one-year statute of limitations because the postconviction motion was filed on July 6, 2015, after Williams' March 24, 2015, deadline for filing a § 2254 habeas petition. Williams attempts to proceed under §2244(d)(1)(D), alleging new evidence, but for the same reasons articulated by the Circuit Court, the evidence offered by Williams is not new nor relevant. The fact that Williams began the alcohol and drug program at one facility and then

---

[3] Williams signed his affidavit of poverty on August 13, 2015. The date Williams placed on the Petition is August 31, 2015, an apparent transposition error.

transferred to another facility, where he was required to restart the program, makes no difference. What is pertinent is that Williams did not successfully complete the program. He was kicked out for possessing major contraband, which prompted his March 2014 resentencing.

"To be entitled to equitable tolling, a petitioner has the burden of showing (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). Williams submits that he merely made a mistake filing his Petition late. He has not shown diligence nor pointed to any extraordinary circumstances hindering or preventing a timely filing. "[E]quity is not intended for those who sleep on their rights." *In re Johnson,* 325 F. App'x 337, 341 (5th Cir. 2009).

B.     <u>Failure to Exhaust State Remedies</u>

The AEDPA requires that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). Even if Williams' Petition had been timely filed, Williams is not entitled to habeas relief because his claims are procedurally barred.

Williams' claims are procedurally barred because Williams has not

presented them to the highest court of the State of Mississippi. Williams did not appeal the Circuit Court's denial of his postconviction motion for collateral relief. Further, the motion for postconviction collateral relief did not raise all of the issues Williams' now raises in his habeas Petition.[4] Williams failed to give the State of Mississippi a full opportunity to resolve any constitutional issues through the State's appellate review process, and habeas relief is precluded under §2254(b)(1)(A).

A petitioner may salvage his procedurally-barred habeas claims if he can demonstrate both cause for the default and actual prejudice resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered. *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (quoting *Hughes v. Quarterman,* 530 F.3d 336, 341 (5th Cir.2008)(quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991))). A petitioner may show cause by demonstrating that there was something "external to the petitioner, something that cannot be fairly attributed to him" which prevented him from complying with the state procedural rules. *Coleman,* 501 U.S. at 753. Williams does not offer anything which qualifies as cause, and the Court need not question whether there is actual prejudice. *Id.*; *see Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).

---

[4] The motion for postconviction relief included Williams' "new evidence" argument, but it did allege that the revocation of Williams' conditional release and probation were unlawful.

The miscarriage of justice exception is a "gateway" to obtain review of an otherwise procedurally-barred claim and is reserved for a petitioner who "is 'actually innocent' of either the offense giving rise to his conviction or 'actually innocent' of the death penalty." *McCleskey v. Zant,* 499 U.S. 467, 493-94 (1991) (citing *Schlup v. Delo,* 513 U.S. 298, 326–27 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 340 (1992)). In "rare" and "extraordinary case[s]," a federal habeas petitioner may overcome a procedural default in state court by demonstrating a "fundamental miscarriage of justice." *Schlup,* 513 U.S. at 321. To do so, a petitioner must "establish through new and reliable evidence that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Woodfox v. Cain,* 609 F.3d 774, 794 (5th Cir. 2010). Williams has offered no new evidence. He pleaded guilty to the crimes which resulted in his convictions. Williams cannot proceed through the "gateway" and pursue his procedurally-barred claims.

## III. <u>RECOMMENDATION</u>

It is recommended that Respondents' Motion to Dismiss (ECF No. 12) be granted and that Williams' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be dismissed with prejudice as barred by the AEDPA's one-year statute of limitations. Alternatively, Williams' habeas claims should be dismissed because they are procedurally barred due to Williams' failure to exhaust available remedies in State court before filing suit in federal court.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); see 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 25th day of July, 2016.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

-10-